# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

AMERIFLEX ENGINEERING LLC,

        Appellant / Cross Appellee,

v.

MICHAEL ZOLLER,

        Appellee / Cross Appellant.

No. 6:18-cv-00587-MC (Lead Case)
No. 6:18-cv-01018-MC (Trailing Case)

**OPINION AND ORDER**

**MCSHANE, Judge**:

        This case comes before the Court on appeal from the United States Bankruptcy Court for the District of Oregon. Debtor-Appellant Ameriflex Engineering, LLC ("Ameriflex") filed an adversary complaint in the Bankruptcy Court seeking to subordinate, under 11 U.S.C. § 510(b), the unsecured claim of Creditor-Appellee Michael Zoller to all other claims and interests. Both parties moved for summary judgment. The Bankruptcy Court granted Ameriflex's motion in part and held that, although Mr. Zoller's proof of claim was subject to 11 U.S.C. § 510(b) and therefore mandatorily subordinated to the other non-priority unsecured claims, it remained senior to the equity interests of Ameriflex. At the same time, the Bankruptcy Court denied Mr. Zoller's motion in its entirety but held, in dicta, that, pursuant to 11 U.S.C. § 108(b), the arbitration award underlying Mr. Zoller's claim was no longer susceptible to challenge by Ameriflex and that Mr. Zoller could therefore seek a judgment confirming the award in state court. Two months later, in the main bankruptcy case, the Bankruptcy Court granted Mr. Zoller's motion for relief from the automatic stay and entered an order allowing the state court to confirm the arbitration award.

Page 1 –OPINION AND ORDER

Ameriflex and Mr. Zoller each appeal portions of the Bankruptcy Court's order and subsequent judgment in the adversary proceeding. Ameriflex also appeals the Bankruptcy Court's later-entered order granting Mr. Zoller limited relief from the automatic stay in the main bankruptcy case.[1] With respect to the former, Ameriflex challenges the Bankruptcy Court's holding that Mr. Zoller's claim is senior in priority to the equity interest holders and its suggestion that 11 U.S.C. § 108(b), rather than 11 U.S.C. § 108(c), governs the deadline by which Ameriflex was required to contest or seek modification of the arbitration award underlying Mr. Zoller's claim. In addition, with respect to relief from stay, Ameriflex challenges the Bankruptcy Court's finding in the main bankruptcy case that cause existed to grant limited relief from the automatic stay.[2] Mr. Zoller challenges only the Bankruptcy Court's holding in the adversary proceeding that his claim is one for "damages arising from the purchase or sale of . . . a security" and therefore subject to mandatory subordination under 11 U.S.C. § 510(b).

A district court reviews a bankruptcy court's conclusions of law *de novo* and its findings of fact for clear error. *U.S. Bank, N.A. v. The Village at Lakeridge, LLC*, 138 S. Ct. 960, 965-66 (2018). A mixed question of law and fact is reviewed consistent with the standard applicable to the predominating aspect of that question (i.e., legal or factual). *Id.* at 966-67. Finally, a district

---

[1] Ameriflex's appeal of the order providing relief from the automatic stay was originally filed separately. It was subsequently consolidated with Case No. 6:18-cv-00587-MC and assigned Case No. 6:18-cv-01018-MC.

[2] Ameriflex further argues that the Bankruptcy Court erred by opining on the appropriateness of relief from the automatic stay in its opinion in the adversary proceeding. The issue is inapposite, however, because the Bankruptcy Court did not enter an order lifting the stay as part of that proceeding and subsequently concluded, as part of the main bankruptcy case and after two hearings on the issue, that cause existed to lift the stay. As noted below, the Bankruptcy Court did not abuse its discretion in finding that cause existed. The Court admits that the Bankruptcy Court offered seemingly contradictory positions on whether Mr. Zoller's petition to confirm his arbitration award was even covered by the automatic stay; indeed, after concluding that the petition was "not stayed under § 362," the Bankruptcy Court proceeded to suggest that it would be appropriate to lift the automatic stay and it later did lift the stay. Nevertheless, any error was harmless because the result would have been the same whether the Bankruptcy Court allowed Mr. Zoller to proceed in state court based on the inapplicability of the automatic stay or, as occurred here, its conclusion in the main bankruptcy case that cause existed to lift the stay. To the extent the Bankruptcy Court suggested that confirmation of the arbitration award would fall outside of the automatic stay, its reasoning was not essential to resolving the issue before it in the adversary proceeding—i.e., the existence and priority of Mr. Zoller's claim—and is best understood as dicta intended to emphasize the award's final and nonappealable nature.

court reviews a bankruptcy court's decision to grant relief from an automatic stay for abuse of discretion. *Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074, 1084 n.9 (9th Cir. 2000). Here, the issues pertaining to the Bankruptcy Court's award of summary judgment are either questions of law or mixed questions which are predominantly legal in nature and therefore subject to *de novo* review. The Bankruptcy Court's decision to grant relief from the automatic stay is subject to review for abuse of discretion.

After careful review, the Court finds no error in the Bankruptcy Court's order or judgment in the adversary proceeding and concludes that the Bankruptcy Court did not abuse its discretion in granting Mr. Zoller limited relief from the automatic stay. The order and judgment of the Bankruptcy Court in the adversary proceeding and the order of the Bankruptcy Court granting limited relief from stay in the main bankruptcy case are therefore AFFIRMED.[3]

IT IS SO ORDERED.

DATED this 3rd day of December, 2018.

/s/ Michael McShane_____
Michael J. McShane
United States District Judge

---

[3] The parties' requests for oral argument are denied as unnecessary.